**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000034
26-APR-2013
09:10 AM**

NO. CAAP-12-0000034

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JOSEPH VAIMILI, Defendant-Appellee,
and
FREEDOM BAIL BONDS, Surety-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-0410)


MEMORANDUM OPINION
(By:  Nakamura, C.J., Foley and Fujise, JJ.)

Surety-Appellant Freedom Bail Bonds (Freedom) appeals from the "Findings Of Fact, Conclusions Of Law, And Order Denying Freedom Bail Bonds' Motion For Relief From Judgment Of Forfeiture Of Bail Bond" entered December 13, 2011 in the Circuit Court of the First Circuit[1] (circuit court).

On appeal, Freedom contends the circuit court erred when it:

---

[1]  The Honorable Randal K.O. Lee presided.

(1) concluded Hawaiʻi Rules of Civil Procedure (HRCP) Rule 60(b) did not apply to bond forfeiture proceedings; and

(2) denied Freedom's HRCP Rule 60(b) motion and violated Freedom's right to due process.

The circuit court set bail at $250,000 for Joseph Vaimili (Vaimili), who was charged with Kidnapping, Terroristic Threatening in the First Degree, Promoting Prostitution in the First Degree, and Carrying or Use of a Firearm in the Commission of a Separate Felony. On July 23, 2009, Freedom posted a bail bond of $250,000 for Vaimili. After numerous continuances, trial was set to commence June 23, 2010. On June 23, 2010, Vaimili failed to appear. The circuit court then issued a bench warrant for Vaimili's arrest, set a "cash only" bail at $250,000, and issued a Bond Forfeiture.

On June 28, 2010, the circuit court entered a Judgment of Forfeiture of Bail Bond and Freedom received notice of the judgment on July 6, 2010. On July 27, 2010, Freedom filed a motion to set aside the bond forfeiture judgment. At the August 9, 2010 hearing, Vaimili had not yet been located and the circuit court denied Freedom's motion and ordered immediate execution of the bond. The circuit court entered the "Findings of Fact, Conclusions of Law, and Order Denying [Freedom's] Motion to Set Aside Judgment and Order of Forfeiture of Bail Bond" on August 16, 2010. On September 16, 2010, Freedom filed a Notice of Appeal with this court, which was subsequently dismissed for lack of appellate jurisdiction on December 30, 2010.

On June 27, 2011, Freedom filed a "Motion For Relief From Judgment of Forfeiture Of Bail Bond" pursuant to HRCP Rules 7 and 60(b). At the July 5, 2011 hearing, Vaimili had still not been located. The circuit court entered the "Order Denying

2

[Freedom's] Motion for Relief From Judgment Of Forfeiture Of Bail Bond" on July 18, 2011.

In October 2011, federal authorities arrested Vaimili and returned him to Hawai'i. Freedom filed a second motion for relief of bond forfeiture judgment pursuant to HRCP Rules 7 and 60(b) on November 2, 2011. The circuit court heard Freedom's motion on November 22, 2011 and entered the "Findings of Fact, Conclusions of Law, and Order Denying [Freedom's] Motion For Relief From Judgment Of Forfeiture of Bail Bond" (December 2011 Order) on December 13, 2011.

On January 10, 2012, Freedom filed a Notice of Appeal from the December 2011 Order.

Freedom contends the circuit court erred by concluding HRCP Rule 60(b) did not apply to bond forfeiture proceedings due to the criminal nature of the suit.

HRCP Rule 1 provides in relevant part, "[t]hese rules govern the procedure in the circuit courts of the State in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Rule 81." HRCP Rule 1 (emphasis added). HRCP Rule 81 provides in relevant part,

> **Rule 81.     APPLICABILITY.**
>
> (a) **To what proceedings not applicable.** Except as expressly otherwise provided in this Rule 81 or another rule of court, these rules shall not apply to the following proceedings (pursuant to specific provisions of the Hawaii Revised Statutes when cited below) in any circuit court:
>
> . . . .
>
> (8) Proceedings for the forfeiture of bonds under section 709-51, as the same may be renumbered[.][2]

---

[2] The State legislature recodified HRS § 709-51 as HRS § 804-51 effective January 1, 1973. 1972 Haw. Sess. Laws 139.

HRCP Rule 81(a)(8) (emphasis added). HRCP Rule 1 together with HRCP Rule 81(a) expressly confirm that the HRCP do not apply to bond forfeiture proceedings.

Furthermore, HRCP does not apply where Hawaii Revised Statutes (HRS) § 804-51 (Supp. 2012) addresses matters regarding bail forfeiture, including the process to challenge a judgment of bond forfeiture. HRS § 804-51 provides in relevant part,

> Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that the notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, <u>unless before the expiration of thirty days from the date that the notice is given to the surety or sureties on the bond of the entry of judgment in favor of the State, a motion or application of the principal or principals, surety or sureties, . . . showing good cause why execution should not issue upon the judgment, is filed with the court</u>. . . . If the motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is <u>appealed from as in the case of a final judgment</u>.

HRS § 804-51 (emphases added). HRS § 804-51 establishes the exclusive means for an aggrieved party to seek relief from a judgment of forfeiture through a motion showing good cause. If that motion is denied, the statute prescribes the means for the challenging party to appeal the motion. Under HRCP 81(f) "Rule 4(a) of the Hawai'i Rules of Appellate Procedure, shall apply to appeals (1) from a circuit court in proceedings listed in [HRCP Rule 81(a)]." HRCP Rule 81(f). As previously noted, HRCP Rule 81(a) includes bond forfeiture under HRS § 804-51. HRS § 804-51, with HRCP Rule 81(f), expressly defines the procedure to obtain relief from a judgment of forfeiture through the appeals process. As such, the circuit court correctly ascertained Freedoms'

reliance on HRCP Rule 60(b) misplaced within bond forfeiture proceedings.

The circuit court did not abuse its discretion in denying Freedom's Rule 60(b) motion.

Freedom's other arguments are equally unpersuasive and without merit.

### IV.    CONCLUSION

Therefore, the "Findings Of Fact, Conclusions Of Law, And Order Denying Freedom Bail Bonds' Motion For Relief From Judgment Of Forfeiture Of Bail Bond" entered December 13, 2011 in the Circuit Court of the First Circuit is affirmed.

DATED:   Honolulu, Hawai'i, April 26, 2013.

On the briefs:

Matthew N. Padgett
for Surety-Appellant Freedom
Bail Bonds.

Brian R. Vincent
Deputy Prosecuting Attorney
for Plaintiff-Appellee State
of Hawai'i.

Chief Judge

Associate Judge

Associate Judge

5